UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION


JOSEPH M. LEE,

    Plaintiff,

vs.                                Case No. 3:08-cv-673-J-HTS[1]

MICHAEL J. ASTRUE,
Commissioner of the Social
Security Administration,

    Defendant.
_____

## OPINION AND ORDER[2]

### I. Status

Joseph Marvin Lee is appealing the Social Security Administration's denial of his claims for Disability Insurance Benefits and Supplemental Security Income. His alleged inability to work is based on back, foot, and memory problems. *See* Transcript of Administrative Proceedings (Tr.) at 79. Mr. Lee was ultimately found not disabled by Administrative Law Judge (ALJ) James R. Russell on August 15, 2006. *Id.* at 13, 21. Claimant has

---

[1] The parties have consented to the exercise of jurisdiction by a United States Magistrate Judge. Notice, Consent, and Order of Reference-Exercise of Jurisdiction by a United States Magistrate Judge (Doc. #16).

[2] Pursuant to § 205(a)(5) of the E-Government Act of 2002, this order is available electronically. It is not otherwise intended for publication or to serve as precedent.

exhausted the available administrative remedies and the case is properly before the Court.

On appeal, Plaintiff argues the ALJ erred by "not finding [his] testimony regarding his subjective experience of pain credible"; failing, at step two, to recognize his "depression [as] a severe impairment"; and "rejecting the opinions of [his] treating physician[.]" Plaintiff's Memorandum of Law in Opposition to the Commissioner's Decision Denying Plaintiff Disability Insurance Benefits (Doc. #17; Memorandum) at 1, 7, 13, 15 (capitalization and emphasis omitted).

## II. Legal Standard

This Court reviews the Commissioner's final decision as to disability[3] pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3). Whereas no special deference is accorded the application of legal principles, findings of fact "are conclusive if supported by substantial evidence[.]" *Ingram v. Comm'r of Soc. Sec. Admin.*, 496 F.3d 1253, 1260 (11th Cir. 2007) (internal quotation marks omitted); *see also Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir.

---

[3] "Disability" is defined in the Social Security Act as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A); *see* 42 U.S.C. § 1382c(a)(3)(A). An ALJ must follow the five-step sequential inquiry described in 20 C.F.R. §§ 404.1520, 416.920, determining as appropriate whether the claimant 1) is currently employed; 2) has a severe impairment; 3) is disabled due to an impairment meeting or equaling one listed in the regulations; 4) can perform past work; and 5) retains the ability to perform any work in the national economy. *See also Phillips v. Barnhart*, 357 F.3d 1232, 1237 (11th Cir. 2004).

2001) (quoting *Falge v. Apfel*, 150 F.3d 1320, 1322 (11th Cir. 1998)). Substantial evidence has been defined as "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Falge*, 150 F.3d at 1322 (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)); *see also Ingram*, 496 F.3d at 1260. Despite the existence of support in the record, the ALJ's determination may not be insulated from remand where there is a "failure to apply the correct law or to provide the reviewing court with sufficient reasoning for determining that the proper legal analysis has been conducted[.]" *Ingram*, 496 F.3d at 1260 (internal quotation marks omitted); *Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994).

### III. Discussion

**A. Pain**

According to Mr. Lee, the ALJ did not adequately discuss his complaints of pain. *See* Memorandum at 12-13.

The regulations recognize "[p]ain or other symptoms may cause a limitation of function beyond that which can be determined on the basis of the anatomical, physiological or psychological abnormalities considered alone[.]" 20 C.F.R. §§ 404.1545(e), 416.945(e); *see also Marbury v. Sullivan*, 957 F.2d 837, 839 (11th Cir. 1992) (per curiam). The standard in the Eleventh Circuit for

evaluating the Commissioner's treatment of pain testimony has been articulated as follows:

> The [Commissioner] must consider a claimant's subjective testimony of pain if she finds evidence of an underlying medical condition, and either (1) objective medical evidence to confirm the severity of the alleged pain arising from that condition, or (2) that the objectively determined medical condition is of a severity that can reasonably be expected to give rise to the alleged pain.

*Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (per curiam); *see also Eckert v. Comm'r of Soc. Sec.*, 152 F. App'x 784, 790 (11th Cir. 2005) (per curiam); SSR 96-7p (outlining how subjective complaints are to be evaluated). "A claimant's subjective testimony supported by medical evidence that satisfies the pain standard is itself sufficient to support a finding of disability." *Foote*, 67 F.3d at 1561.

The ALJ found "that the claimant's medically determinable impairments could reasonably be expected to produce the alleged symptoms, but that the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely credible." Tr. at 18. The judge reasoned, in part, that

> [w]hile he alleged severe pain and limitation, [the claimant] has not sought regular medical treatment from any physician or facility, including free or reduced-cost clinics. He only recently began taking prescription pain medications and previously took only over-the-counter analgesics. He has not received physical therapy or pain management treatment, and he has not required frequent emergency room visits, inpatient hospitalization, or

> additional surgery. He does not require an assistive device for support or ambulation. He has not been advised by a treating physician to lie down during the day or to limit his activities of daily living in any manner. There is no indication that the claimant has lower extremity swelling, headaches, or medication side effects of the frequency or severity that would preclude him from performing all gainful work activity. There is no indication that he was instructed to elevate his legs.

*Id.* at 19; *cf., e.g., id.* at 348 (recency of prescription pain medication; previously taking "[j]ust regular over-the-counter stuff"). Concerning daily living activities, the judge noted "[t]he claimant bathes, dresses, and feeds himself, manages his own finances, and manages his own household. He performs household chores, visits with others, drives, and attends church on a regular basis." *Id.* at 19; *cf., e.g., id.* at 341 (attends church every Wednesday in addition to Sunday morning and Sunday night), 344 (chores). Additionally, he stated "that [Plaintiff] cares for his children and drives them to school. There is indication in the record that he performs significant work activities including building fences through his family's business." *Id.* at 19; *cf., e.g., id.* at 342 (drives daughter to school).[4]

---

[4] Mr. Lee does not address individually any of these items, which by and large reflect consideration of valid factors by the judge. Claimant's unelaborated assertion "[t]he ALJ's articulated reasons for discrediting [his] complaints of pain are random observation[s] from the record which, on their face, do not support the ALJ's credibility assessment[,]" Memorandum at 13, is thus unpersuasive, and no challenge is brought against the underlying evidentiary justification for the observations.

Ultimately, the ALJ determined Claimant required the opportunity "to alternate his position at will due to pain throughout an eight-hour workday."  *Id.* at 18.  Further, "[a]s a result of his pain and a side-effect of medication, he has mild to moderate limitation regarding his capacity to understand, remember, and carry out detailed instructions and to maintain concentration and attention for extended periods."  *Id.* at 17 (emphasis omitted).

In his attempt to demonstrate error, Plaintiff relies upon the prescription of narcotic medication, stating "it is extremely unlikely that the doctors are prescribing unneeded [drugs] to their patients."  Memorandum at 12.  "[C]onversely," he contends, "this indirect determination of [his] pain level by treating physicians was not discussed by the ALJ."  *Id.* at 13.  As revealed in the above excerpts, the ALJ recognized Claimant had begun taking prescription pain medication.  He even allowed for restrictions relating to the side effects thereof.  While the judge noted the recency of the apparent need for the drugs, he did not intimate the doctors had acted inappropriately in prescribing them.  Mr. Lee seems to suggest that somehow the fact he has been prescribed narcotics confirms the degree of pain and limitations he experiences while medicated.  Plainly, such a deduction would be unwarranted.

**B. Step Two**

It is next argued "the ALJ committed legal error at step 2 by not finding Plaintiff Lee's depression a severe impairment[.]" *Id.* (emphasis and capitalization omitted).

Plaintiff's assertion does not provide an independent basis for remand. At step two an individual must merely "prove that she has a severe impairment or combination of impairments." *Jones v. Apfel*, 190 F.3d 1224, 1228 (11th Cir. 1999). This "is all that is required at step two." *Council v. Comm'r of Soc. Sec.*, 127 F. App'x 473, No. 04-13128, slip op. at 4 (11th Cir. 2004) (Table) (per curiam); *Alvarez v. Astrue*, No. 3:07-cv-505-J-12TEM, 2008 WL 3992622, at *4 (M.D. Fla. Aug. 28, 2008) (quoting *Council*). Since the ALJ proceeded to step three of the sequential analysis, he will not be faulted for omitting conditions at the second step.[5]

**C. Treating Doctor**

Finally, Plaintiff claims the ALJ's "decision is void of any adequate reasons as to why he rejected the treating doctors' opinions regarding [his] disability." Memorandum at 17.

Unless rejected for good cause, a treating physician's opinion "is entitled to substantial weight[.]" *Ogranaja v. Comm'r of Soc.*

---

[5] Moreover, as observed by the Commissioner, "Plaintiff never identified what, if any[,] functional limitations he would experience on account of his depression[.]" Memorandum in Support of the Commissioner's Decision (Doc. #18) at 5.

*Sec.*, 186 F. App'x 848, 850 (11th Cir. 2006) (per curiam) (quoting *Edwards v. Sullivan*, 937 F.2d 580, 583 (11th Cir. 1991)); *see also Phillips v. Barnhart*, 357 F.3d 1232, 1240 (11th Cir. 2004). Further, the weight afforded a treating doctor's opinion must be specified along with "any reason for giving it no weight, and failure to do so is reversible error." *MacGregor v. Bowen*, 786 F.2d 1050, 1053 (11th Cir. 1986); *see also Phillips*, 357 F.3d at 1241 ("When electing to disregard the opinion of a treating physician, the ALJ must clearly articulate [his or her] reasons.").

"The treating physician's report may be discounted when it is not accompanied by objective medical evidence or is wholly conclusory." *Edwards*, 937 F.2d at 583; *see also Ogranaja*, 186 F. App'x at 850; *Phillips*, 357 F.3d at 1240-41. ALJs, however, may not simply substitute their own judgment for that of a medical expert. *See Graham v. Bowen*, 786 F.2d 1113, 1115 (11th Cir. 1986) (per curiam). It has sometimes even been stated that, "[w]here the [Commissioner] has ignored or failed properly to refute a treating physician's testimony, . . . as a matter of law . . . he has accepted it as true." *MacGregor*, 786 F.2d at 1053.

Mr. Lee does not identify precisely what reports he believes were insufficiently analyzed, referring merely to "the treating doctors' opinions regarding . . . disability." Memorandum at 17. However, a conclusion as to whether an individual is disabled or has the ability to work is essentially legal rather than medical.

It "is not the type of 'medical opinion' to which the Commissioner gives controlling weight." *Ellis v. Barnhart*, 392 F.3d 988, 994 (8th Cir. 2005); *see also Frank v. Barnhart*, 326 F.3d 618, 620 (5th Cir. 2003) (per curiam) (Determinations about disability or ability to work "are legal conclusions[,]" not medical opinions.); *Zulinski v. Astrue*, 538 F. Supp. 2d 740, 751-52 (D. Del. 2008) (doctor's statement as to inability "to sustain full time, everyday work on a regular basis" disregardable as not medical opinion (internal quotation marks omitted)); *cf. Russell v. Astrue*, Civil No. 07-4202 (RHK/RLE), 2009 WL 169307, at *17 (D. Minn. Jan. 26, 2009) ("[T]he opinions of treating physicians, on questions reserved for the Commissioner—such as whether a claimant is disabled, or is unable to work—are not to be given any weight by the ALJ."). As "a physician is not qualified to make" judgments as to disability or ability to work as defined by law, *Norfleet v. Sullivan*, CIV. A. No. 89-5978, 1990 WL 29675, at *4 (E.D. Pa. Mar. 14, 1990); *see also Townsend v. Apfel*, 47 F. Supp. 2d 958, 964 (N.D. Ill. 1999), an ALJ would be unjustified in according special significance thereto. To the extent Plaintiff suggests otherwise, the argument is rejected.

Plaintiff generically writes "[t]his Court should fully credit the physicians at the Union County Health Department and Dr. [Oscar B.] Depaz," along with "Dr. [Lendon] Sugg[s's] opinions that [he]

is not able to perform any work related activities[.]"  Memorandum at 17; *see also id.* at 16 ("Dr. Lendon Suggs performed a Physical Capacity Evaluation listing restrictions that he believed applied back to November 27, 2007.").  Again, Claimant has failed even to identify what information from Dr. Depaz and the Union County Health Department he is attempting to have credited.  *Cf.* Memorandum in Support of the Commissioner's Decision (Doc. #18) at 8. The Court's perusal of the transcript reveals that on January 21, 2008, Dr. Depaz reported an "activity status" as "light sedentary with no lifting more than 10 lbs.  No repetitive bending, squatting or twisting.  Allow position changes as needed for comfort."  Tr. at 268 (capitalization omitted).  This record, though, postdates the ALJ's Decision by more than a year. *See id.* at 21; *cf.* Memorandum at 16 ("Dr. DePaz provided Plaintiff . . . with treatment beginning from April 2007 through January 2008[.]").  Likewise, the evaluation from Dr. Suggs was rendered considerably subsequent to the Decision.  *See* Tr. at 21, 291 (also determining restrictions applied commencing November 27, 2007, over a year after the Decision entered); *cf.* Memorandum at 16.  Plainly, as no attempt whatsoever has been made to establish remand would be

appropriate under the applicable standard, error has not been elucidated with relation to these sources.[6]

Concerning the reference to Union County Health Department, it is noted the record contains several documents attributed to that entity. *See* Tr. at 248-55. Nevertheless, it is unclear what opinion(s) bearing upon functional limitations Plaintiff might have relied upon, had he chosen to develop an argument in that regard. Depression and anxiety were mentioned,[7] *see id.* at 248, 250, 252, and various other complaints were noted on a history form completed by a nurse in September 2002, *see id.* at 252, but no significant work-related functional limitations are disclosed. A report from November 1, 2004, indicates Mr. Lee appeared "for evaluation for disability" but was informed the doctor does "not do disability eval[uations.]" *Id.* at 255.

---

[6] Indeed, the Appeals Council in discussing these records from Drs. DePaz and Suggs noted they related to a period following the issuance of the Decision by Judge Russell and subsequent to the date last insured (for DIB). Tr. at 6. It concluded those documents did "not affect the decision about whether [Plaintiff was] disabled beginning on or before August 15, 2006." *Id.* In fact, the Appeals Council stated, "[i]f you want us to consider whether you were disabled after August 15, 2006, . . . apply again." *Id.* Plaintiff did so and was awarded benefits effective August 16, 2006. *See* Decision, attached to the Memorandum.

[7] It has been said a "mere diagnosis . . . says nothing about the severity of the condition." *Higgs v. Bowen*, 880 F.2d 860, 863 (6th Cir. 1988) (per curiam); *see also Scull v. Apfel*, 221 F.3d 1352, No. 99-7106, 2000 WL 1028250, at *1 (10th Cir. July 26, 2000) (Table) ("[D]isability determinations turn on the functional consequences, not the causes, of a claimant's condition[.]").

Clearly, as with the first two issues put forward, Plaintiff has fallen short of convincing the Court remand is required in this case. The decision will, therefore, be affirmed.

## IV. Conclusion

In accordance with the foregoing, the Clerk of the Court is directed to enter a judgment pursuant to sentence four of 42 U.S.C. § 405(g), and as incorporated by 42 U.S.C. § 1383(c)(3), **AFFIRMING** the Commissioner's decision.

**DONE AND ORDERED** at Jacksonville, Florida, this 10th day of March, 2009.

/s/    Howard T. Snyder
HOWARD T. SNYDER
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of record
    and pro se parties, if any